# EXHIBIT A

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/e9a5828f8e6e5438851250d0327cdad1

## Case Information

# Javonne Harris VS Jordan Peak,Insituform Technologies, LLC

21A04199

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| DeKalb - State Court | Civil | Tort | 9/10/2021 |

| Judge | Case Status |
|---|---|
| Purdom, Wayne M | Open (SMEFILEOPE) |

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Javonne Harris | Ryan M Horn |
| Defendant | Insituform Technologies, LLC | Pro Se |
| Defendant | Jordan Peak | Pro Se |

## Events ⑦

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 9/10/2021 | Filing | RULE 5.2 | Rule 5.2 Certificate of Serving Discovery | 5.2.pdf |
| 9/10/2021 | Filing | Complaint/Petition | Complaint with Exhibit A | Complaint with Exhibit A.pdf |
| 9/10/2021 | Filing | Interrogatories | Discovery to Defendant Insituform | discovery to Insituform.pdf |
| 9/10/2021 | Filing | Summons | Summons | eFILE-SUMMONS.pdf |
| 9/10/2021 | Filing | Interrogatories | Discovery to Defendant Peak | discovery to defendant peak.pdf |
| 9/10/2021 | Filing | General Civil Information Form | Case Initiation Form | CFILE.pdf |
| 10/4/2021 | Filing | ENTRY OF SERVICE | SEOS - Insituform | SEOS Insituform.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.9.0.3284



## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only | | 21A04199 |
|---|---|---|
| Date Filed ___9/10/2021___ | | Case Number _____ |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**                                  **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** _____      **Bar Number** _____      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

Copy from re:SearchGA

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAVONNE HARRIS, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| Plaintiff, | ) | 21A04199 |
| | ) | |
| vs. | ) | |
| | ) | |
| JORDAN PEAK and INSITUFORM | ) | |
| TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Javonne Harris, Plaintiff in the above-styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby file this, her Complaint (the "Complaint") against Defendants Jordan Peak and Insituform Technologies, LLC, jointly and severally, , and shows this Honorable Court as follows:

1.

Plaintiff Javonne Harris ("Plaintiff") is a resident of the State of Georgia and is currently residing at 1318 Adcox Square, Stone Mountain, Georgia 30088. For purposes of the instant action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

2.

Defendant, Jordan Peak ("Defendant Peak") is a resident of Lawrence County, Pennsylvania and subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-3 which states in pertinent part, "actions brought under this chapter relating to the use of the highways of this state by a nonresident motorist shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the plaintiff, as the plaintiff in such action may elect..." Defendant Jordan Peak may be served with a copy of this

Copy from re:SearchGA

Complaint and Summons at his residence, to-wit: 242 Fern Street, New Castle, Pennsylvania 16101.

3.

Defendant Insituform Technologies, LLC (Defendant "Insituform"),  is a foreign corporation, having been incorporated under the laws of the State of Missour and having a registered agent in the State of Georgia.  Service of a Second Original Summons and Complaint may be made on this Defendant by serving its registered agent, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 and is subject to the jurisdiction and venue of this Court.

4.

Defendants Insituform, is the owner and operator of a business(es) which qualifies as either a motor common carrier or a motor contract carrier under the laws of the State of Georgia, and the tractor-trailer rig which was involved in the collision that is the subject matter of this case was being operated as such by Defendant Peak at all times herein described.

5.

At all times relevant hereto, Defendant Peak was an agent/employee of Defendant Insituform, operating under the authority of Defendant Insituform and acting within the scope and agency of his employment for Defendant Insituform.

6.

At all times relevant hereto, Defendant Peak was an employee of Defendant Insituform.

Copy from re:SearchGA

## **SUMMARY OF FACTS**

7.

On or about January 6, 2020, Defendant Peak, as an agent and/or employee of  Defendant Insituform, was driving a vehicle on Whites Mill Road at or near its intersection with Habersham Drive in the County of DeKalb, State of Georgia.

8.

At all times relevant hereto, Plaintiff acted in a safe, reasonable, and prudent fashion.

9.

On or about said time and place, Defendant Peak was travelling directly in front of Plaintiff's vehicle.  Suddenly and without warning, Defendant Peak backed his vehicle into Plaintiff's vehicle, causing damage to both vehicles and injuries to Plaintiff.

10.

At said time and place, Defendant Peak failed to act in the manner expected of a reasonable and prudent driver by improperly backing his vehicle and Defendant Peak was otherwise negligent in the operation of his vehicle.

11.

Defendant Peak was issued a citation by the DeKalb County Police Department for improper backing.

12.

As a direct and proximate result of the collision, Plaintiff sustained immediate and severe injuries to her neck, back, left shoulder, left arm, left wrist and left hand.

13.

Defendant Peak's failure to obey traffic laws by improperly backing his vehicle constitutes a violation of O.C.G.A. § 40-6-240.

Copy from re:SearchGA

14.

Because Defendant Peak violated O.C.G.A. § 40-6-240, Defendant Peak's actions constitute negligence per se, as well as ordinary negligence.

15.

The aforesaid collision was not the result of any negligence on the part of Plaintiff or any person(s) other than Defendant Peak.

16.

At the time of the collision which is the subject-matter of this case, Defendant Peak was driving and operating a tractor-trailer rig which was owned by Defendant Insituform.

17.

Defendant Peak's operation of Defendant Insituform's vehicle was warranted under the express authority granted him by virtue of his agency and/or employment relationship with Defendant Insituform.

18.

When Defendant Peak committed the negligent acts described above, he was acting under the direction and control of Defendant Insituform and was acting within the scope of his employment and in furtherance of Defendant Insituform.

19.

The negligent acts committed by Defendant Peak were within the range of Defendant Peak's employment and for the purpose of accomplishing the business authorized by Defendant Insituform.

20.

Defendant Insituform is therefore liable to the Plaintiff under the theory of *Respondeat Superior*, for the negligent acts and omissions of their agent and/or employee, Defendant Peak, as

Copy from re:SearchGA

such acts were committed in the course and scope of this agency and/or employment by Defendant Insituform and proximately caused the Plaintiff's injuries.

21.

As a result of the injuries Plaintiff sustained in the collision, Plaintiff has incurred significant physical and mental pain and suffering as well as extensive costs, expenses and lost wages, all of which will be itemized by appropriate amendment to these pleadings.

22.

Defendant Peak and Defendant Insituform are therefore jointly and severally liable to Plaintiff for special and general damages in an amount to be proved by the evidence at trial.

## **COUNT 1: NEGLIGENCE OF DEFENDANT JORDAN PEAK**

23.

Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.

The subject collision was caused by the negligence of Defendant Peak in one or more of the following respects:

a)  Defendant Peak failed to drive at a reasonable and prudent speed;

b)  Defendant Peak failed to obey the traffic laws in the State of Georgia;

c)  Defendant Peak failed to take evasive action to avoid the collision made the basis of this claim;

d)  Defendant Peak drove his vehicle in reckless and/or careless disregard for the safety of other drivers on the highway especially the Plaintiff herein; and

Copy from re:SearchGA

e)      Defendant Peak failed to maintain control of his vehicle and failed to post a
        proper lookout.

25.

Further, the actions of Defendant Peak constitute a direct violation of numerous statutes of
the State of Georgia, with such violations constituting negligence-per-se or negligence as a matter
of law.  These statutory violations are:

O.C.G.A. § 40-6-390        Reckless driving;

O.C.G.A. § 40-6-241        Drivers to exercise due care; and

O.C.G.A. § 40-6-240        Improper backing.

26.

The above described acts of negligence and negligence per-se above caused the vehicle
driven by Defendant Peak to collide with Plaintiff's vehicle.

27.

Due to the collision between Defendant Peak's vehicle and Plaintiff's vehicle, Plaintiff
suffered serious bodily injuries, incurred medical expenses, lost wages and endured physical and
emotional pain and suffering, past, present, and future.

28.

The injuries and damages to Plaintiff were the direct and proximate result of Defendant
Peak and Defendant Insituform's failure to exercise ordinary care and regard for the safety of
others when Defendant Insituform negligently entrusted their vehicle to Defendant Peak, who
committed tort.

Copy from re:SearchGA

29.

All Defendants herein are therefore jointly and severally liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

## COUNT II: NEGLIGENCE OF DEFENDANT INSITUFORM

30.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31.

The collision occurred as a direct and proximate result of Defendant Insituform's negligent entrustment of their vehicle to Defendant Peak, in allowing Defendant Peak to drive its vehicle in a negligent manner, and in doing so failed to exercise ordinary care and regard for the safety of others.

32.

The negligence was caused in whole or in part by the negligence and negligence-per-se of Defendant Peak in one or more of the following respects:

a)   Defendant Insituform allowed Defendant Peak to drive its vehicle in a reckless and dangerous manner;

b)   Defendant Insituform allowed Defendant Peak to drive its vehicle knowing Defendant Peak was not a competent driver;

c)   Defendant Insituform knew or should have known that Defendant Peak posed a risk to others;

d)   Defendant Insituform knew or should have known that Defendant Peak would drive its vehicle in a dangerous and reckless manner.

Copy from re:SearchGA

33.

All Defendants herein are therefore jointly and severally liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

## COUNT III: INJURIES TO PLAINTIFF

34.

Plaintiff re-alleges and incorporates by reference the allegations as set forth in paragraphs 1 through 33 above as though fully set forth herein.

35.

As a direct and proximate result of the actions of the Defendants herein, Plaintiff sustained:

a)   Various bodily injuries, including but not limited:   *cervical and thoracic pain and spasm; left arm pain; left hand numbness and pain; left shoulder and wrist pain; cervicalgia, posterior disc protrusion at C3-C4; acute post-traumatic headache; cervical disc disorder with radiculopathy; cervicalgia and low back pain.*

b)   Past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c)   Past, present and future medical expenses; and

d)   Incidental expenses.

36.

Plaintiff has incurred the following special damages:

| | | |
|---|---|---|
| Momentum Rehab & Therapy | 01/06/2020 - 02/19/2020 | $   1,565.00 |
| Radiology Associates of DeKalb | 01/08/2020 - 01/8/2020 | $      121.00 |
| CEP America | 01/08/2020 - 01/08/2020 | $      684.00 |
| Emory Decatur Hospital | 01/08/2020 - 01/08/2020 | $   3,217.10 |
| Ortho Sport & Spine Physicians | 01/21/2020 - 02/06/2020 | $   6,431.90 |
| Georgia Spine & Orthopaedics | 02/25/2020 - 07/01/2020 | $ 75,005.74 |
| Atlanta Orthopaedic Imaging | 03/13/2020 - 08/21/2020 | $   3,790.00 |
| Surgery Center of Roswell | 07/01/2020 - 07/01/2020 | $ 25,902.00 |

Copy from re:SearchGA

| Pavilion Spine Surgery Center/ | | |
| Center for Pain Management | 09/23/2020 - 10/14/2020 | $ 29,400.00 |
| Neurological Institute Concussion | 03/19/2020 - 11/12/2020 | $  4,700.00 |

| Ortho Sport & Spine Surgical Estimate | | $ 69,200.00 |

| Lost Wages | | $  2,622.57 |

**TOTAL SPECIAL DAMAGES**      **$ 222,639.31**

The bills for the above referenced charges are attached hereto as Exhibit "A'.

37.

The charges for the above referenced bills are reasonable and customary for the treatment that Plaintiff received.

38.

The above referenced charges were necessary to treat the injuries Plaintiff suffered as a result of this accident.

39.

Defendants are therefore liable to Plaintiff for past and future special damages, currently in the amount of $222,639.31.

40.

Defendants herein are therefore jointly and severally liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

**WHEREFORE**, Plaintiff prays and respectfully demands that he have judgment against Defendants Peak and Insituform, jointly and severally, as follows:

a)      that process be served upon all Defendants in accordance with the law;

b)      that a jury trial be had on all issues;

c)      for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

Copy from re:SearchGA

d)      that judgment be awarded for Plaintiff against Defendants for those special

damages proven at trial;

e)      for costs and expenses of this litigation; and

f)      for any and all other and further relief that this Court deems just and proper under

the circumstances.

This 10th day of September, 2021.

Respectfully submitted,

**KENNETH S. NUGENT, P.C.**

_/s/ Ryan M. Horn_
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

STATE COURT OF
DEKALB COUNTY, GA.
9/10/2021 9:42 AM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

Momentum Rehab & Therapy
5349 Snapfinger Woods Dr.
Decatur, GA 30035
Tax ID: 834687459

**Patient Account Ledger**

Phone: (470) 375-7345
5/12/2020 3:51:26 PM

Harris, Javonne(03/05/1985, ID:1693367)

**D.O.S.:** 01/06/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 1/6/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 1/6/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 1/6/2020 | EMS | $40.00 | $115.00 | |
| C | 99203(S23.41XA, S46.812A, M25.512, M54.2) | 1/6/2020 | NEW PATIENT EXAM: 30 MIN | $300.00 | $415.00 | |
| C | A4556(S23.41XA, S46.812A, M25.512, M54.2) | 1/6/2020 | ELECTRODES, PAIR | $15.00 | $430.00 | |

**D.O.S.:** 01/07/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 1/7/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 1/7/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 1/7/2020 | EMS | $40.00 | $115.00 | |
| C | 98940(S23.41XA, S46.812A, M25.512, M54.2) | 1/7/2020 | CMT 1-2 REGIONS | $80.00 | $195.00 | |

**D.O.S.:** 01/10/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 1/10/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 1/10/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 1/10/2020 | EMS | $40.00 | $115.00 | |

**D.O.S.:** 01/14/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 1/14/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 1/14/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 1/14/2020 | EMS | $40.00 | $115.00 | |
| C | 98940(S23.41XA, S46.812A, M25.512, M54.2) | 1/14/2020 | CMT 1-2 REGIONS | $80.00 | $195.00 | |

**D.O.S.:** 01/15/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 1/15/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 1/15/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 1/15/2020 | EMS | $40.00 | $115.00 | |

**D.O.S.:** 02/17/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 2/17/2020 | HOT/COLD PACK | $35.00 | $35.00 | |
| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) | 2/17/2020 | MECHANICAL TRACTION | $40.00 | $75.00 | |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) | 2/17/2020 | EMS | $40.00 | $115.00 | |
| C | 99213(S23.41XA, S46.812A, M25.512, M54.2) | 2/17/2020 | ESTABLISHED PATIENT EXAM: ... | $205.00 | $320.00 | |

**D.O.S.:** 02/19/2020     **Provider:** Gates, Jerry (NPI: 1447886320)     **Copay:** $0.00

| | Item | Date | Description | Transaction | Balance | Notes |
|---|---|---|---|---|---|---|
| C | 97010(S23.41XA, S46.812A, M25.512, M54.2) | 2/19/2020 | HOT/COLD PACK | $35.00 | $35.00 | |

**Exhibit A**

Copy from re:SearchGA

| C | 97012(S23.41XA, S46.812A, M25.512, M54.2) 2/19/2020 | MECHANICAL TRACTION | $40.00 | $75.00 |
| C | 97014(S23.41XA, S46.812A, M25.512, M54.2) 2/19/2020 | EMS | $40.00 | $115.00 |
| C | 98940(S23.41XA, S46.812A, M25.512, M54.2) 2/19/2020 | CMT 1-2 REGIONS | $80.00 | $195.00 |

| | |
|---|---|
| **Total Charges:** | **$1,565.00** |
| **Total Insurance Payments:** | **$0.00** |
| **Total Patient Payments:** | **$0.00** |
| **Total Insurance Adjustments:** | **$0.00** |
| **Total Patient Adjustments:** | **$0.00** |
| **Total Insurance Refunds:** | **$0.00** |
| **Total Patient Refunds:** | **$0.00** |
| **Total UAC:** | **$0.00** |
| **Ins. UAC Total:** | **$0.00** |

Total AR:    $1,565.00

Copy from re:SearchGA

| RESPONSIBLE PARTY | ACCOUNT # | BILL DATE |
|---|---|---|
| JAVONNE HARRIS | 70540-RAD1 | 07-10-2020 |

RADIOLOGY ASSOC OF DEKALB PC
PO BOX 1306
INDIANAPOLIS, IN 46206-1306

JAVONNE HARRIS
4303 FAIRINGTON CLUB DR
LITHONIA, GA 30038-5670

| DOS | Patient | Physician | Phys Tax ID | Charge Description | Amt | Pmt | Adj | Bal |
|---|---|---|---|---|---|---|---|---|
| 01-08-2020 | JAVONNE HARRIS | 11-REID, JOHN | 581304565 | 72125 26 - CT NECK SPINE W/O DYE | 104.50 | | | |
| 01-08-2020 | JAVONNE HARRIS | 698-GUPTA, SAURABH | 581304565 | 73030 26,LT - X-RAY EXAM OF SHOULDER | 16.50 | | | |
| 01-08-2020 | JAVONNE HARRIS | 11-REID, JOHN | 581304565 | G9637 - DOC >1 DOSE REDUC TECH | 0.00 | | | |
| 01-08-2020 | JAVONNE HARRIS | 11-REID, JOHN | 581304565 | G9557 - CT/CTA/MRI/A NO THYR <1 0CM | 0.00 | | | |

Copy from re:SearchGA

CEP AMERICA LLC
1601 CUMMINS DR STE D
MODESTO, CA 95358-6411

YOUR ACCOUNT IS 30 DAYS PAST DUE.
PAYMENT ON THIS ACCOUNT IS YOUR
RESPONSIBILITY.

800 498-7157
TAX ID27-1369141

ACCOUNT NO.     979670-01          STATEMENT DATE  02/13/20

JAVONNE HARRIS
4303 HARRINGTON CLUB DR
LITHONIA, GA 30038

| DATE | PATIENT | DR# AT RF | DESCRIPTION | ICD10 | AMOUNT |
|------|---------|-----------|-------------|-------|--------|
| 01/08/20 | JAVONNE | 1  2 | 99284  EMERGENCY DEPARTMENT | | 684.00 |

TOTAL CURRENT     $684.00

Financial Transaction Display

```
Patient Name: HARRIS JAVONNE LAKITVT: EAcct: 224125604        Acct Bal:    1614.76
AR Per: Entire Account          AS: A     FC: BCBS GA 2ND      Per Bal:     1614.76

Service Date:           to          Major Code:       to       Bill CD:
Posting Date:           to          Trans Type:                   Format: CODES 2
Revenue Code:           to          Selection: VISIT            Summary:

-----------------------------------------------------------------------------------
  Posting Service  Service                    Bill
  Date    Date     Code      Descript         Units    Amt   Phys  RVC CPT4  Mods
-----------------------------------------------------------------------------------
01/10/20 01/08/20 40480147   LEVEL 4 - P        1    1417.00       450 99284 25
01/10/20 01/08/20 41104852   IBUPROFEN 6        1       3.10       259
01/08/20 01/08/20 43004597   RD SHOULDER        1     470.00       320 73030 LT
01/08/20 01/08/20 44515435   CT CERVICAL        1    1327.00       352 72125
01/15/20 01/15/20 9151001    PMMC MCR HM        1       0.00
```

```
Charges          3217.10
Room Charges        0.00
Fees                0.00
Adjustments         0.00
Contractual         0.00
Room Adj            0.00
```

Copy from re:SearchGA

## Ortho Sport & Spine Physicians Itemized Billing Statement

Date Range: Jan 21, 2020 - Mar 25, 2020

Provider:        All                                                Patient: Harris, Javonne

PATIENT NAME:   Harris, Javonne          ACCOUNT #:  AB50823          DOB:   Mar 4, 1985

MOBILE PHONE:  770-837-7817            ADDRESS:   4303 Fairington Club Drive, Lithonia, GA, 30038      PHONE: 770-837-7817

| FacilityName | Rendering Provider Name | Case ID | CLAIM # | Service Date | CODE/DESC | Mod1 | Units | ICD | BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 209025 | Jan 21, 2020 | 99070 DENDRACIN 30/10/0.25% | | 1 | M54.12 M54.2 M54.5 | $464.40 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 209025 | Jan 21, 2020 | 99070 MELOXICAM 15MG #30 | | 30 | M54.12 M54.2 M54.5 | $145.50 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 209025 | Jan 21, 2020 | 99204 Office Visit, New Pt., Level 4 | | 1 | M54.12 M54.2 M54.5 | $499.00 |
| CLAIM BALANCE | | | | | | | | | $1,108.90 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 212457 | Feb 6, 2020 | 99070 DENDRACIN 30/10/0.25% | | 1 | M54.2 M54.5 M47.816 M47.812 R51 M25.532 | $464.40 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 212457 | Feb 6, 2020 | 99070 MELOXICAM 15MG #30 | | 30 | M54.2 M54.5 M47.816 M47.812 R51 M25.532 | $145.50 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 212457 | Feb 6, 2020 | 99213 Office Visit, Est Pt., Level 3 | | 1 | M54.2 M54.5 M47.816 M47.812 R51 M25.532 | $213.00 |
| Ortho Sport & Spine Physicians Decatur | Hagin, Melissa | 19,106 | 212457 | Feb 6, 2020 | L3908 WRIST Cock-up | LT | 1 | M54.2 M54.5 M47.816 M47.812 R51 M25.532 | $677.10 |

Mar 25, 2020                                    1                                    10:41:05 AM

Copy from re:SearchGA

## Ortho Sport & Spine Physicians Itemized Billing Statement

Date Range: Jan 21, 2020 - Mar 25, 2020

| FacilityName | Rendering Provider Name | Case ID | CLAIM # | Service Date | CODE/DESC | Mod I | Units | ICD | BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| **Provider:** | All | | | | | | | Patient: Harris, Javonne | |
| CLAIM BALANCE | | | | | | | | | $1,500.00 |
| OSSP IMAGING of North Atlanta | Feiner, Clifford | 19,106 | 213399 | Jan 31, 2020 | 72141 MRI NECK SPINE W/O DYE | | 1 | M54.2 | $1,949.00 |
| CLAIM BALANCE | | | | | | | | | $1,949.00 |
| OSSP IMAGING of North Atlanta | Feiner, Clifford | 19,106 | 213407 | Jan 31, 2020 | 72148 MRI LUMBAR SPINE W/O DYE | | 1 | M54.5 | $1,874.00 |
| CLAIM BALANCE | | | | | | | | | $1,874.00 |
| ACCOUNT SUMMARY | | | | | | | | | $6,431.90 |

Mar 25, 2020                                           2                                           10:41:05 AM

Copy from re:SearchGA

**GEORGIA SPINE AND ORTHOPAEDICS**
11650 ALPHARETTA HWY
ROSWELL, GEORGIA 30076
(404) 596-5670
Employer Identification Number: 820579938

### Patient Demographics

| | | | |
|---|---|---|---|
| Chart #: | 7708742805 | SSN: | Acct.Type: Self Pay 2 |
| Patient | JAVONNE HARRIS | Employment Status: | Gender: Female |
| Address: | 4303 FAIRINGTON CLUB DR | Student Status: | DOB / Age: 03/04/1985    35 years |
| | LITHONIA, GEORGIA 30038 | Phone:        (770) 837-7817 | Marital |
| | | | Email:     harris.javonne@gmail.com |
| Provider: | ERIK BENDIKS | | |

### Current Insurance Information

### Responsible Party

| | | | | | |
|---|---|---|---|---|---|
| Name: | JAVONNE HARRIS | Email: | harris.javonne@gmail.com | Address: | 4303 FAIRINGTON CLUB DR |
| | | | | | LITHONIA, GEORGIA 30038 |

Primary Phone:      (770) 837-7817
Secondary Phone:

Primary

Payer:
Address:

Phone:
Insured Name:
Insured DOB:

Address:

SSN:
Group Number:
Group Name:
Member ID:

### Transactions Posted

| Effective Date | Type/ Place of Service | Description/ Diagnoses | Status/ Rendering Provider | Unit | Debits | Credits | Bal/Unap |
|---|---|---|---|---|---|---|---|
| 02/25/2020 | Charge 11 (Office) | 72040 X-RAY EXAM NECK SPINE 2-3 VW M54.2 | Ready BENDIKS, ERIK | 1 | $ 421.85 | | $ 421.85 |
| 02/25/2020 | Charge 11 (Office) | 72100 X-RAY EXAM L-S SPINE 2/3 VWS M54.5 | Ready BENDIKS, ERIK | 1 | $ 444.53 | | $ 444.53 |
| 02/25/2020 | Charge 11 (Office) | 99204 OFFICE/OUTPATIENT VISIT NEW M54.12 / M54.2 / G44.309 / M25.512 | Ready BENDIKS, ERIK | 1 | $ 735.00 | | $ 735.00 |
| 03/04/2020 | Simple Charge 11 (Office) | Medication Bill | BENDIKS, ERIK | 1 | $ 785.30 | | $ 785.30 |
| 03/04/2020 | Charge 11 (Office) | 72070 X-RAY EXAM THORAC SPINE 2VWS M54.6 | Ready BENDIKS, ERIK | 1 | $ 399.04 | | $ 399.04 |
| 03/04/2020 | Charge 11 (Office) | 99213 OFFICE/OUTPATIENT VISIT EST M54.12 / M54.2 / M50.31 / G44.309 | Ready BENDIKS, ERIK | 1 | $ 577.50 | | $ 577.50 |
| 03/09/2020 | Charge 11 (Office) | 73110 X-RAY EXAM OF WRIST M25.532 | Ready SMITH, VINSON | 1 | $ 449.19 | | $ 449.19 |
| 03/09/2020 | Charge 11 (Office) | 73030 X-RAY EXAM OF SHOULDER M25.512 | Ready SMITH, VINSON | 1 | $ 367.29 | | $ 367.29 |
| 03/09/2020 | Charge 11 (Office) | 99204 OFFICE/OUTPATIENT VISIT NEW G44.309 / M25.532 / G56.02 / M25.512 | Ready SMITH, VINSON | 1 | $ 735.00 | | $ 735.00 |
| 03/09/2020 | Simple Charge 11 (Office) | Medication Bill | SMITH, VINSON | 1 | $ 242.83 | | $ 242.83 |
| 03/09/2020 | Simple Charge 11 (Office) | Medication Bill | SMITH, VINSON | 1 | $ 555.23 | | $ 555.23 |
| 03/09/2020 | Simple Charge | Medication Bill | | 1 | $ 267.12 | | $ 267.12 |

Copy from re:SearchGA

| | | Transactions Posted | | | | |
|---|---|---|---|---|---|---|
| Effective Date | Type/ Place of Service | Description/ Diagnoses | Status/ Rendering Provider | Unit | Debits | Credits | Bal/Unap |

| Effective Date | Type/ Place of Service | Description/ Diagnoses | Status/ Rendering Provider | Unit | Debits | Credits |
|---|---|---|---|---|---|---|
| | 11 (Office) | | SMITH, VINSON | | | |
| 03/09/2020 | Simple Charge | Medication Bill | | 1 | $ 36.40 | |
| | 11 (Office) | | SMITH, VINSON | | | |
| 03/17/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | |
| | 02 (Telehealth) | M54.2 / M50.31 / M47.816 / M54.12 | FIGA, DARYL | | | |
| 03/23/2020 | Charge | 97010 HOT OR COLD PACKS THERAPY | Ready | 1 | $ 26.25 | |
| | 11 (Office) | G56.02 | WOODY, BLAINE | | | |
| 03/23/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 11 (Office) | G56.02 | WOODY, BLAINE | | | |
| 03/23/2020 | Charge | 97161 PT EVAL LOW COMPLEX 20 MIN | Ready | 1 | $ 352.80 | |
| | 11 (Office) | G56.02 | WOODY, BLAINE | | | |
| 03/27/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 11 (Office) | G56.02 | WOODY, BLAINE | | | |
| 03/27/2020 | Charge | 97010 HOT OR COLD PACKS THERAPY | Ready | 1 | $ 26.25 | |
| | 11 (Office) | G56.02 | WOODY, BLAINE | | | |
| 04/03/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | G56.02 | WOODY, BLAINE | | | |
| 04/06/2020 | Charge | 0232T NJX PLATELET PLASMA | Ready | 1 | $ 16,489.60 | |
| | 11 (Office) | M54.2 / M54.5 | FIGA, DARYL | | | |
| 04/13/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | |
| 04/06/2020 | Simple Charge | Medication Bill | | 1 | $ 242.83 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 04/06/2020 | Simple Charge | Medication Bill | | 1 | $ 555.23 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 04/06/2020 | Simple Charge | Medication Bill | | 1 | $ 267.12 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 04/06/2020 | Simple Charge | Medication Bill | | 1 | $ 1,186.34 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 04/06/2020 | Simple Charge | Medication Bill | | 1 | $ 198.85 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 04/08/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | G56.02 | WOODY, BLAINE | | | |
| 04/15/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | G56.02 | WOODY, BLAINE | | | |
| 04/16/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | |
| | 02 (Telehealth) | G44.309 / M25.532 / G56.02 / M25.512 | SMITH, VINSON | | | |
| 04/22/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | M25.512 | WOODY, BLAINE | | | |
| 04/29/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | M25.512 | WOODY, BLAINE | | | |
| 05/04/2020 | Charge | 0232T NJX PLATELET PLASMA | Ready | 1 | $ 16,489.60 | |
| | 11 (Office) | M54.2 / M54.5 | FIGA, DARYL | | | |
| 05/11/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | |
| 05/04/2020 | Simple Charge | Medication Bill | | 1 | $ 242.83 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 05/04/2020 | Simple Charge | Medication Bill | | 1 | $ 267.12 | |
| | 11 (Office) | | FIGA, DARYL | | | |
| 05/06/2020 | Charge | 97110 THERAPEUTIC EXERCISES | Ready | 2 | $ 285.60 | |
| | 02 (Telehealth) | M25.512 | WOODY, BLAINE | | | |
| 05/07/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | |
| | 11 (Office) | G44.309 / M25.532 / G56.02 / M25.512 | SMITH, VINSON | | | |
| 05/07/2020 | Simple Charge | Medication Bill | | 1 | $ 555.23 | |

Copy from re:SearchGA

| | | Transactions Posted | | | | | |
|---|---|---|---|---|---|---|---|
| Effective Date | Type/ Place of Service | Description/ Diagnoses | Status/ Rendering Provider | Unit | Debits | Credits | Bal/Unap |
| | 11 (Office) | | BENDIKS, ERIK | | | | |
| 06/04/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | | |
| | 11 (Office) | G44.309 / M25.532 / G56.02 / M25.512 | SMITH, VINSON | | | | |
| 06/05/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | | |
| | 02 (Telehealth) | M54.2 / M50.31 / M47.816 / M54.12 | BENDIKS, ERIK | | | | |
| 06/29/2020 | Charge | 0232T NJX PLATELET PLASMA | Ready | 1 | $ 4,735.50 | | |
| | 11 (Office) | M25.512 | SMITH, VINSON | | | | |
| 06/29/2020 | Charge | 99213 OFFICE/OUTPATIENT VISIT EST | Ready | 1 | $ 577.50 | | |
| | 11 (Office) | G44.309 / M25.532 / G56.02 / M25.512 | SMITH, VINSON | | | | |
| 07/01/2020 | Simple Charge | Medication Bill | | 1 | $ 242.83 | | |
| | 11 (Office) | | FIGA, DARYL | | | | |
| 07/01/2020 | Simple Charge | Medication Bill | | 1 | $ 151.28 | | |
| | 11 (Office) | | FIGA, DARYL | | | | |
| 07/01/2020 | Charge | 64633 DESTROY CERV/THOR FACET JNT | Ready | 1 | $ 3,990.00 | | |
| | 24 (Ambulatory | M47.812 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64633 DESTROY CERV/THOR FACET JNT | Ready | 1 | $ 3,990.00 | | |
| | 24 (Ambulatory | M47.812 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64634 DESTROY C/TH FACET JNT ADDL | Ready | 1 | $ 1,312.50 | | |
| | 24 (Ambulatory | M47.812 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64634 DESTROY C/TH FACET JNT ADDL | Ready | 1 | $ 1,312.50 | | |
| | 24 (Ambulatory | M47.812 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64635 DESTROY LUMB/SAC FACET JNT | Ready | 1 | $ 3,990.00 | | |
| | 24 (Ambulatory | M47.816 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64635 DESTROY LUMB/SAC FACET JNT | Ready | 1 | $ 3,990.00 | | |
| | 24 (Ambulatory | M47.816 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64636 DESTROY L/S FACET JNT ADDL | Ready | 1 | $ 1,312.50 | | |
| | 24 (Ambulatory | M47.816 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |
| 07/01/2020 | Charge | 64636 DESTROY L/S FACET JNT ADDL | Ready | 1 | $ 1,312.50 | | |
| | 24 (Ambulatory | M47.816 | FIGA, DARYL | | | | |
| 07/01/2020 | Patient Adjustment | Over the Counter Patient Adjustment - BUNDLED | | | | | |

Totals:   59   $ 75,005.74

Copy from re:SearchGA



### ATLANTA ORTHOPAEDIC IMAGING

▪ MRI, CT, X-Ray Imaging Services ▪ Diagnostics

5490 McGINNIS VILLAGE PL STE 207, ALPHARETTA GA 30005-1735

Phone: (770) 545-6237
FAX: (770) 545-6240



PATIENT(2,4): HARRIS, JAVONNE -- 1985-03-04
DOB (3,11A): 03/04/1985          Sex (3,11A): F
ADDRESS (5,7): 14303 FAIRINGTON RIDGE CIR, LITHONIA GA 30038
PHONE (5,7): (770) 837-7817
DOI (14): 01/06/2020
FIRM : K002417

DATE : 8/31/2020
INVOICE : 2074-6465
ACCOUNT : AOI-6465

| AOI-ID | PATIENT'S NAME(L, F MI) (2,4) | PROCEDURE TYPE | ICD / DIAGNOSIS / INJURY (21) |
|---|---|---|---|
| AOI-6465 | HARRIS, JAVONNE -- 1985-03-04 | Diagnostic Imaging Service | A:M4694; B:M5021; |

| SERVICE FACILITY LOCATION INFORMATION (32) | PAY TO : BILLING PROVIDER INFO & PH # (770) 545-6237 |
|---|---|
| FL(A)<br>American Health Imaging of Decatur, LLC<br>2774 N DECATUR RD<br>DECATUR GA 30033-5910 | ATLANTA ORTHOPAEDIC IMAGING<br>5490 McGINNIS VILLAGE PL STE 207<br>ALPHARETTA GA 30005-1735 |

| DOS (24A) | FL | Units (24G) | CPT (24D) | PRODUCT / SERVICE DESCRIPTION | Pointer (24E) | CHARGES (24F) | TOTAL |
|---|---|---|---|---|---|---|---|
| 03/13/2020 | A | 1 | 72146 | MRI-THORACIC, SPINE, W/O CON | A | $1,895.00 | $1,895.00 |
| 08/21/2020 | A | 1 | 72141 | MRI-CERVICAL, SPINE W/O CON | B | $1,895.00 | $1,895.00 |

TOTAL LINE ITEMS: 2                    TOTAL QUANTITY UNITS: 2

*Thank you for your business!*          TOTAL (28): **$3,790.00**

NOTES: 1) IMAGING SERVICES ARE RENDERED BY A LICENSED PRACTICING PHYSICIAN
2) EXPENSES INCURRED ARE IN CONNECTION WITH TREATMENT OF INJURY

NOTICE TO PAYER: MAKE CHECK PAYABLE TO BILLING PROVIDER AS FOLLOWS:
ATLANTA ORTHOPAEDIC IMAGING
5490 McGINNIS VILLAGE PL STE 207
ALPHARETTA GA 30005-1735

Federal Tax I.D. Number (EIN) (25): 46-1191771
(For Certification or Details, Please request IRS Form W-9)

Copyright © 2018 ATLANTA ORTHOPAEDIC IMAGING

Form: AOI-Invoice_181011

Copy from re:SearchGA



# SURGERY CENTER
## of Roswell

JAVONNE HARRIS
4303 FAIRINGTON CLUB DR
Lithonia, GA 30038

# STATEMENT

**Patient Name:** JAVONNE HARRIS
**MRN:** 7902

**Statement Date:** 07/14/2020

| Date | Description | Charges | Adjustments | Balance |
|------|-------------|---------|-------------|---------|
| 07/01/2020 | 64634; DSTR NROLYTC AGNT PARVERTEB FCT ADDL CRVCL/THORA | $1,312.50 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64633; DSTR NROLYTC AGNT PARVERTEB FCT SNGL CRVCL/THORA | $4,200.00 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64634; DSTR NROLYTC AGNT PARVERTEB FCT ADDL CRVCL/THORA | $1,312.50 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64635; DSTR NROLYTC AGNT PARVERTEB FCT SNGL LMBR/SACRAL | $4,200.00 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64635; DSTR NROLYTC AGNT PARVERTEB FCT SNGL LMBR/SACRAL | $4,200.00 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64636; DSTR NROLYTC AGNT PARVERTEB FCT ADDL LMBR/SACRAL | $1,312.50 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 64636; DSTR NROLYTC AGNT PARVERTEB FCT ADDL LMBR/SACRAL | $1,312.50 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | 01935; ANESTHESIA PERQ IMAGE GUIDED SPINE DIAGNOSTIC | $1,500.00 | | |
| 07/01/2020 | BUNDLE | | | |
| 07/01/2020 | A4649; Surgical supplies | $2,352.00 | | |
| 07/01/2020 | BUNDLE | | | |

Copy from re:SearchGA



SURGERY CENTER
of Roswell

| Date | Description | Charges | Adjustments | Balance |
|------|-------------|---------|-------------|---------|
| 07/01/2020 | 64633; DSTR NROLYTC AGNT PARVERTEB FCT SNGL CRVCL/THORA | $4,200.00 | | |
| 07/01/2020 | BUNDLE | | | |

All checks must be payable to Surgery Center of Roswell, Tax ID # 81-4238410
11850 Alpharetta Hwy Suite 200
Roswell, Georgia 30076

**Patient Statement**

Copy from re:SearchGA

# Charges at CPT Level

### Date Range: Jan 4, 2018 – Feb 4, 2021

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Transaction Type:** | Associated | | | **Charges By:** | | Claim Date | |
| **Insurance:** | All | | | **Facility:** | | All | |
| **Appointment Provider:** | All | | | **Rendering Provider:** | | All | |
| **Patient:** | HARRIS, JAVONNE LAKITA | | | **Procedure Code:** | | All | |

| Facility | Claim Date | Service Date | Claim ID | CPT Code | Modifier 1 | CPT Code Description | Billed Charge | Self Charge | Insurance Charge |
|---|---|---|---|---|---|---|---|---|---|
| KAMAL C KABAKIBOU MDPC | Sep 25, 2020 | Sep 23, 2020 | 250961 | 99205 | 25 | NP comprehen hx exam high complex | $500.00 | $0.00 | $500.00 |
| | Nov 12, 2020 | Nov 11, 2020 | 252728 | 99214 | | FU detail hx exam moderate complex | $226.00 | $0.00 | $226.00 |
| PAVILION SPINE SURGERY CENTER | Sep 28, 2020 | Sep 23, 2020 | 251050 | 62321 | | Cervical or Thoracic ESI Translaminar with Imaging guidance | $2,267.00 | $0.00 | $2,267.00 |
| | Sep 28, 2020 | Sep 23, 2020 | 251050 | 64493 | RT | Facet Block Lumb Sac 1st level | $2,267.00 | $0.00 | $2,267.00 |
| | Sep 28, 2020 | Sep 23, 2020 | 251050 | 64494 | RT | Facet Block Lumb Sac 2nd level | $1,484.00 | $0.00 | $1,484.00 |
| Pavilion Spine Surgery Center | Sep 28, 2020 | Sep 23, 2020 | 251051 | 62321 | | Cervical or Thoracic ESI Translaminar with Imaging guidance | $1,800.00 | $0.00 | $1,800.00 |
| | Sep 28, 2020 | Sep 23, 2020 | 251051 | 64493 | RT | Facet Block Lumb Sac 1st level | $700.00 | $0.00 | $700.00 |
| | Sep 28, 2020 | Sep 23, 2020 | 251051 | 64494 | RT | Facet Block Lumb Sac 2nd level | $500.00 | $0.00 | $500.00 |
| PAVILION SPINE SURGERY CENTER | Oct 27, 2020 | Oct 14, 2020 | 252098 | 64490 | LT | Facet Block Cerv Thoracic 1st level | $2,267.00 | $0.00 | $2,267.00 |
| | Oct 27, 2020 | Oct 14, 2020 | 252098 | 64635 | RT | DESTRUCTION PARAVERTEBRAL FACET NERVE; LUMBAR/SACRAL, SINGLE LEVEL | $3,950.00 | $0.00 | $3,950.00 |
| | Oct 27, 2020 | Oct 14, 2020 | 252098 | 64636 | RT | DESTRUCTION PARAVERTEBRAL FACET NERVE WITH FLUOROSCOPY; LUMBAR/SACRAL, ADDL LEVELS | $2,962.00 | $0.00 | $2,962.00 |
| Pavilion Spine Surgery Center | Oct 27, 2020 | Oct 14, 2020 | 252099 | 64490 | LT | Facet Block Cerv Thoracic 1st level | $700.00 | $0.00 | $700.00 |
| | Oct 27, 2020 | Oct 14, 2020 | 252099 | 64635 | RT | Destr of Paravert Facet Lumb/Sacra 1st leves | $900.00 | $0.00 | $900.00 |
| | Oct 27, 2020 | Oct 14, 2020 | 252099 | 64636 | RT | Destr Paravert Facet Lumb/Sacra Add'l Level | $495.00 | $0.00 | $495.00 |
| PAVILION SPINE SURGERY | Nov 13, | Oct 28, | 252761 | 64633 | LT | DESTRUCTION PARAVERTEBRAL FACET JT NERVE WITH FLUORO; CERV/THORAC SINGLE | $3,950.00 | $0.00 | $3,950.00 |

Copy from re:SearchGA

# Charges at CPT Level

## Date Range: Jan 4, 2018 - Feb 4, 2021

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Transaction Type:** Associated | | | | | **Charges By:** Claim Date | | | |
| **Insurance:** All | | | | | **Facility:** All | | | |
| **Appointment Provider:** All | | | | | **Rendering Provider:** All | | | |
| **Patient:** HARRIS, JAVONNE LAKITA | | | | | **Procedure Code:** All | | | |

| Facility | Claim Date | Service Date | Claim ID | CPT Code | Modifier 1 | CPT Code Description | Billed Charge | Self Charge | Insurance Charge |
|---|---|---|---|---|---|---|---|---|---|
| | 2020 | 2020 | | | | LEVEL | | | |
| CENTER | Nov 13, 2020 | Oct 28, 2020 | 252761 | 64634 | LT | DESTRUCTION PARAVERTEBRAL FACET JT NERVE; CERV/THORAC ADDL LEVELS | $2,962.00 | $0.00 | $2,962.00 |
| Pavilion Spine Surgery Center | Nov 13, 2020 | Oct 28, 2020 | 252762 | 64633 | LT | Destr of Paravert Facet Jt Cerv 1st level | $975.00 | $0.00 | $975.00 |
| | Nov 13, 2020 | Oct 28, 2020 | 252762 | 64634 | LT | Destr Paravert Facet Jt Cerv/Thor add'l level | $495.00 | $0.00 | $495.00 |
| **Summary** | | | | | | | **$29,400.00** | **$0.00** | **$29,400.00** |

Feb 4, 2021　　　　　-2-　　　　　12:01:22 PM

Copy from re:SearchGA

STATEMENT

| THIS IS A STATEMENT OF SERVICES RENDERED BY PHYSICIAN(S) WHO ARE MEMBERS OF: |
| --- |
| Alan Maloon MD PC Roswell |
| 11650 ALPHARETTA HWY |
| STE 100 |
| ROSWELL, GA 300763805 |
| 470-365-8855 |

| PATIENT NAME | | |
| --- | --- | --- |
| Harris, Javonne | | |
| BILL DATE | ACCOUNT NO. | AMOUNT PAID |
| Nov 12, 2020 | 10504 | |

| Harris, Javonne |
| --- |
| 4303 FAIRINGTON RIDGE CIR |
| LITHONIA GA 30038-1995 |

This is a statement for professional services rendered by your physician. You may receive a separate bill from the hospital for its services.

| DATE OF SERVICE | DESCRIPTION OF SERVICE | CHARGES | PMT/ADJ/ WITHHELD | AMOUNT |
| --- | --- | --- | --- | --- |
| 2020-03-19 | Claim:1739, Provider: Alan Maloon, MD | | | |
| 2020-03-19 | PHONE E/M BY PHYS 21-30 MIN | $700.00 | | |
| 2020-11-12 | Your Balance Due On These Services | | | |
| | Your Balance Due On These Services... | | | $700.00 |
| 2020-04-28 | Claim:2117, Provider: Alan Maloon, MD | | | |
| 2020-04-28 | Emg 1 Ext Full | $1,200.00 | | |
| 2020-04-28 | Nerve Cond Studies 11-12 | $1,700.00 | | |
| 2020-11-12 | Your Balance Due On These Services | | | |
| | Your Balance Due On These Services... | | | $2,900.00 |
| 2020-06-09 | Claim:2421, Provider: Alan Maloon, MD | | | |
| 2020-06-09 | Lev 3 - Est Detailed | $550.00 | | |
| 2020-11-12 | Your Balance Due On These Services | | | |
| | Your Balance Due On These Services... | | | $550.00 |
| 2020-07-31 | Claim:2892, Provider: Alan Maloon, MD | | | |
| 2020-07-31 | Lev 3 - Est Detailed | $550.00 | | |
| 2020-11-12 | Your Balance Due On These Services | | | |
| | Your Balance Due On These Services.. | | | $550.00 |

| DATE | PATIENT NAME | ACCOUNT NO. | PAY THIS AMOUNT | |
| --- | --- | --- | --- | --- |
| Nov 12, 2020 | Harris, Javonne | 10504 | | $4,700.00 |

MAKE CHECK PAYABLE TO :   ALAN MALOON MD PC

Copy from re:SearchGA

**Surgical Estimate**

Client Name: Javonne Harris

DOB: 03/04/1985

| ANNULOPLASTY/NUCLEOPLASTY LEVEL 1 | |
|---|---|
| Services | Net Charge |
| Prof Fees | $  29,709.34 |
| Anesthesia Fee | $   5,007.90 |
| Supplies/Hardware | |
| Cold Co  GSO | $   4,206.63 |
| Facility Fees | $  30,276.13 |
| Total | $  69,200.00 |

|  | Collect |
|---|---|
| Total Estimate for Georgia Spine and Orthopaedics: | $   33,915.97 |
| Total Estimate for Surgery Center of Roswell: | $   35,284.03 |
|  | $   69,200.00 |

6

Copy from re:SearchGA

No. _____21A04199_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

_____9/10/2021_____

**SUMMONS**

Siana Smith
_____

Deputy Clerk

Deposit Paid $ _____

_____Javonne Harris_____

_____

Plaintiff's name and address

**vs.**

**[  ] JURY**

_____Jordan Peak and Insituform Technologies, LLC_

_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
__Kenneth S. Nugent, P.C._____

Name

__4227 Pleasant Hill Road, Building 11, Duluth, Georgia 30096_____

Address

__404-875-0900_____

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____

Defendant's Attorney                              Third Party Attorney

_____        _____

Address                                          Address

_____        _____

Phone No.              Georgia Bar No.          Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____
☐Other
                                                Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**9/10/2021 9:42 AM**
**E-FILED**
**BY: Siana Smith**

Copy from re:SearchGA

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAVONNE HARRIS, | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **Plaintiff,** | ) | 21A04199 |
| | ) | |
| vs. | ) | |
| | ) | |
| **JORDAN PEAK and INSITUFORM** | ) | |
| **TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE OF DISCOVERY**

The undersigned hereby certifies that, pursuant to O.C.G.A. § 9-11-29.1 and other applicable provisions of law, he has this day delivered for service upon Defendants true and correct copies of Plaintiff's First Interrogatories, Request for Admissions, and Request for Production of Documents as provided by law.

Respectfully submitted this 10th day of September, 2021.

**KENNETH S. NUGENT, P.C.**

_/s/ Ryan M. Horn_
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

Copy from re:SearchGA

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAVONNE HARRIS, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | 21A04199 |
| **vs.** | ) | |
| | ) | |
| **JORDAN PEAK and INSITUFORM** | ) | |
| **TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSITUFORM TECHNOLOGIES, LLC

NOW COMES the Plaintiff in the above-styled action, by and through her attorneys, and herewith serves upon you the following Request for Admissions, First Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires the Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the undersigned within forty-five (45) days after the service of these requests, as provided by law. You are advised that if you fail to admit any of the Request for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

### REQUEST FOR ADMISSIONS

1.

This Defendant admits that it has been properly served with a copy of the Summons and Complaint in the above-styled action.

2.

This Defendant admits that jurisdiction and venue are proper in this case.

Copy from re:SearchGA

3.

This Defendant admits that on or about January 6, 2020, Plaintiff was traveling on White Mills Road, at or near its intersection with Habersham Drive, in DeKalb County, Georgia.

4.

The Defendant admits that Defendant Peak struck Plaintiff's vehicle when Defendant Peak improperly backed the vehicle he was driving.

5.

The Defendant admits that Plaintiff sustained damages as a result of the collision caused by Defendant Peak.

6.

The Defendant admits that, at all times pertinent to this case, Defendant Peak was Defendant Insituform's employee.

7.

The Defendant admits that, and at the time of the incident herein complained of, Defendant Peak was acting within the course and scope of his employment with Defendant Insituform.

8.

This Defendant admits that at all times relevant hereto, it was aware that Defendant Peak was a reckless and/or incompetent driver.

9.

Defendant Insituform is vicariously liable for the conduct of its employee and/or agent, Defendant Peak.

10.

This Defendant admits that it is a motor common carrier as defined by Georgia law.

Copy from re:SearchGA

11.

This Defendant admits that Insituform Technologies, LLC, owns the vehicle that caused the incident described in the Complaint for purposes of doing business.

12.

This Defendant admits that it did not properly check the driving record of employee Defendant Peak before allowing him to operate the company's vehicle(s), whether leased or owned.

13.

This Defendant admits that Insituform Technologies, LLC, was immediately notified of the incident.

14.

This Defendant admits that Insituform Technologies, LLC, knew that Defendant Peak was driving the vehicle made the subject of this litigation.

**FIRST INTERROGATORIES**

You are required to answer the following interrogatories and to serve a copy of your answers on the undersigned as provided by law.

In answering the following interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

All the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26(c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial. Copies of such supplemental answers

shall be served on the undersigned within forty-five (45) days from the discovery of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the crash which occurred on or about January 6, 2020, at approximately 8:05 a.m. on White Mills Road, at or near its intersection with Habersham Drive in the County of DeKalb, involving the Plaintiff and Defendant Peak and which forms the basis of the Complaint filed by the Plaintiff.

1.

If you denied any of Plaintiff's First Request for Admissions, please state in detail each and every reason for such denial and provide the name, address and phone number of all persons having knowledge of these facts and indicate which facts are supported by which person or persons.

2.

Did Defendant Peak complete and furnish to you an application for employment?

3.

Did you make investigation or inquiry into Defendant Peak's driving record and prior employment?

4.

Please state whether you have made an annual review of Defendant Peak's driving record.

5.

Please state whether a report of the incident was prepared by you.

6.

Please state whether you maintain an accident and/or incident register.  If so, please state whether an entry was made about the incident.

Copy from re:SearchGA

7.

Please state whether Defendant Peak was required to maintain a daily log, multi-day log, or other forms for the months before the wreck of 2020.

8.

Please state whether inspection and maintenance records were maintained by you on the vehicle involved in the incident as of the time of the incident in question and for six months prior thereto.

9.

Please state whether a driver vehicle inspection report was made by you at any time prior to the incident.

10.

Please state whether any instruction or driver's manuals were given by you to Defendant Peak.

11.

Please describe the vehicle driven by Defendant Peak including its weight, height and length.

12.

Please state the date the vehicle was last inspected and the name and address of the person conducting the inspection.

13.

Does Defendant Insituform have any guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations that it requires or utilizes in the maintenance or operation of any of its trucks or trucks leased to it?  If so, please state the following:

    (a)    The title or name of the guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations;

(b)    The name, address, and telephone number of the person having custody or control of the guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations; and

(c)    Whether any of these guidelines, manuals, rule books, instruction manuals, or other writings or rules and regulations are given to the drivers or operators of its vehicles or to maintenance personnel.

14.

Please state whether or not Defendant Insituform has any internal disciplinary system, driver appraisal system, or accident investigation or appraisal system for its drivers or maintenance personnel.  If so, please state whether Defendant Peak was subject to any of such systems.  If so, please describe the system or systems.

15.

Please identify the name, address, and telephone number of the current person in charge of safety for Defendant Insituform and the name, address, and telephone number of the person who was in charge of safety and vehicle safety for Defendant Insituform at the time of the incident.

16.

Please state the name, home address including zip code, business address including zip code, and home and business telephone number of each person, including any party who, to your knowledge, information or belief:

a.    was an eye-witness to the incident or any parts of the incident;

b.    has some knowledge of any fact or circumstances upon which your defenses in this matter are based;

c.    assisted in answering these Interrogatories.

Copy from re:SearchGA

17.

Please describe each and every statement or report which to your knowledge, information or belief, has been made by any person named and answered to interrogatory number 16 above, giving as to each the date the statement or report was made, the parties present when made, the form (whether oral, written, recorded, etc.,) and please provide the name, address, and phone number of the person presently having custody of each said statement or report.

18.

Did any mechanical defect in the motor vehicle driven by Defendant Peak at the time of the incident contribute to the incident?  If so, what was the nature of the defect?

19.

List the name and address of all persons or corporations who were the registered title owners or who had any legal or equitable interest in the motor vehicle that Defendant Peak was driving at the time of the incident.

20.

Please describe all policies of insurance, including umbrella or excess policies, known or believed by you to have been in force and effect and which would provide coverage at the time of the incident and for each policy, please state the following:

(a)     The full name of the company issuing the policy;

(b)     The policy number;

(c)     The limits of liability coverage;

A.      The limits of the property damage coverage;

(e)     The full name of each insured shown on the declarations portion of the policy; and

(f)     Where and how the policy was purchased;

(g)     Whether the insurance company has assumed the defense of this matter; and

(h)    Whether the insurance company has provided its insured with any reservation of rights or other qualification to coverage pursuant to the policy.

21.

Please identify each person whom you expect to call as an expert witness at the trial of this case and with respect to each person, state the subject matter on which such expert is expected to testify, state the substance of the facts and opinions to which each such expert is expected to testify and give a summary of the grounds for each such opinion.

22.

Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case.  If so, please state:

(a)    The name of the expert or experts and the issues about which he or she has formed or expressed an opinion;

(b)    Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

(c)    If written, the name and address of the person having said report or any copy thereof in his or her possession and control;

(d)    The facts determined and the opinions formed as expressed by each expert; and

(e)    The substance of the facts relied upon by said expert in arriving at his or her opinion or opinions.

23.

On the particular trip during the course of which the incident occurred, what was the point and time of departure, intended destination and purpose of the trip?

24.

Was an examination of the vehicle operated by Defendant Peak made to determine the extent of the damage thereto?  If so, state:

(a)     the date of the examination;

(b)      the name, address, and occupation of the person or persons making such examination; and

(c)     the name and the address of the person now having possession and custody of the records of such examination and any estimate of damages.

25.

Were any drug/alcohol screening tests performed on Defendant Peak within forty-eight (48) hours before or after the time of the incident?  If so, please provide the time and results of each such test.

26.

Please state the names, addresses and the telephone numbers of each individual who may be called to testify on behalf of the Defendants concerning the nature, duration of and extent of Plaintiff's injuries.

27.

Please state whether your vehicle contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master or device known by any other name which records and/or transmits information concerning the operation of the vehicle.

28.

If so, please identify the person having custody of the evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the wreck which forms the basis of Plaintiff's complaint.

Copy from re:SearchGA

## REQUEST FOR PRODUCTION

You are required to produce the following documents requested herein and to permit the undersigned, or someone acting on his behalf to inspect them and copy such of them as he may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of such documents to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.

YOU ARE HEREBY NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to accounts, advertisements, agreements, amendments, analyses, appointment books, articles, bank checks, bibliographies, bills, binders, books, brochures, bulletins, cablegrams, calculations, canceled checks, cashier's checks, catalogs, charts, check stubs, communications (including inter-office and intra-office), computer print-outs, computer data, contracts, corporate records, correspondence, data sheets, desk calendars, diaries, diary entries, drafts, drawings, films, financial records, formulas, freight bills, instructions, invoices, labels, ledger books, letters, lists, mail-grams, manuals, memoranda, microfiche, microfilm, minutes of board of directors, minutes of committee meetings, newspapers, notebooks, notes, orders, pamphlets, papers, periodicals, photographs, plans, projections, publications, receipts for cashier's checks, receipts, records, reports, schedules, shipping orders, sketches, sound recordings, specifications, studies, surveys, telegrams, test results, videotapes, vouchers, working papers, work sheets, things similar to any of the foregoing, and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations, statements, negotiations, meetings

Copy from re:SearchGA

or conferences, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce a copy of any and all documents that support or otherwise evidence your response to Interrogatory No. 1.

2.

Please produce a copy of the application for employment identified in response to Interrogatory No. 2.

3.

Please produce a copy of such investigation or report identified in response to Interrogatory No. 3.

4.

Please produce a copy of your annual review of Defendant Peak's driving record as identified in response to Interrogatory No. 4.

5.

Please produce a copy of such report for the accident that is the subject matter of this litigation as identified in response to Interrogatory No. 5.

6.

Please produce a copy of the relevant page or pages of such accident register as identified in response to Interrogatory No. 6.

Copy from re:SearchGA

7.

Please produce a copy of the logs or other forms as identified in response to Interrogatory No. 7.

8.

Please produce a copy of any such inspection or maintenance records for said period as identified in response to Interrogatory No. 8.

9.

Please produce a copy of such driver vehicle inspection report for the vehicle involved in this incident as identified in response to Interrogatory No. 9.

10.

Please produce a copy of the manual identified in response to Interrogatory No. 10.  If you do not have a copy of the manual provided, please produce a receipt that indicates that such a manual was given to Defendant Peak as identified in response to Interrogatory No. 10.

11.

Please produce a copy of any and all documents that would support or otherwise evidence your response to Interrogatory No. 11.

12.

Please produce copies of any and all records of inspection, repair, maintenance, and lubrication on the vehicle which was operated by Defendant Peak at the time of the incident for the period 2019 - 2020.

13.

Please produce copies of any and all driver's inspection reports for the truck prepared by Defendant Peak.

14.

Please produce copies of any and all investigation, inquiry, and annual review of the driving record of Defendant Peak.

15.

Please produce a copy of Defendant Peak's driver's log for the period of three months prior to the incident and one month after the incident.

16.

Please produce copies of any and all manuals, rule books, instruction manuals, guideline books, or other writings that are prepared by or on behalf of Defendant Insituform or utilized by Defendant Insituform in maintenance, operation, and instruction of its drivers and maintenance personnel.

17.

Please produce a complete copy of Defendant Insituform's personnel file of Defendant Peak.

18.

Please produce copies of any and all disciplinary records, violation records, internal appraisal records, and internal accident investigation records, and opinions rendered as a result of this incident.

19.

Please produce copies of any and all written discipline or other written sanctions or reprimands rendered against Defendant Peak.

20.

Please produce copies of any and all documents which disclose the name and address of any persons or corporations who were the registered title owners or who had any legal or equitable

Copy from re:SearchGA

interest in the motor vehicle that Defendant Peak was driving on the date of the incident described in the Complaint.

21.

Please produce copies of any and all policies of insurance identified by you in response to Interrogatory no. 20.

22.

Please produce copies of any and all correspondence or other documents whereby any insurer has reserved rights as to coverage or has denied coverage to you, in whole or in part, in connection with the incident described in the Complaint.

23.

Please produce copies of any and all documents which support or otherwise illustrate your version of the incident as provided in your response to Interrogatory No. 25.

24.

Please produce copies of any and all documents which describe, depict or otherwise reference the extent of damage sustained to your vehicle as provided in your response to Interrogatory no. 26.

25.

Please produce copies of any and all documents which describe or depict or otherwise reference the extent of damage sustained to any other vehicle in the incident described in the Complaint.

26.

Please produce copies of any and all documents, photographs, videotapes, diagrams, drawings, or other items which describe, depict or otherwise reference the scene of the incident or the relative position or any vehicle or other fixed object involved in the incident described in the Complaint.

27.

Please produce copies of any and all witness statements taken by any insurance adjuster concerning the incident described in the Complaint.  If you claim any objection to the production of any such statement, please state the date and substance of each such statement.

28.

Please produce copies of any and all documents prepared by, or under the direction of, any expert witness retained by you for the purposes of trial testimony.

29.

Please produce copies of any and all documents which support or otherwise evidence your response to Interrogatory No. 29.

30.

Any and all documents, including your proof of loss, submitted by you or at your request to your insurer after the <u>incident described in the Complaint.</u>

31.

Any and all documents that support or otherwise evidence any and all drug/alcohol tests performed on Defendant Peak as identified in your response to Interrogatory No. 27.

32.

Complete and clearly recordable copies of any and all created electronic or satellite vehicular movement recording documents or records such as Qualcomm, Highway Master, American Mobile Satellite Corporation, or any similar organization records along with any tractor trip recorder computer generated documents (ECM) or any otherwise described documents generated by whatever means, in reference to the physical movement and/or geographical locations at certain date and time of the vehicle involved in the subject accident.

Copy from re:SearchGA

33.

Any and all documentary evidence relied upon by you to demonstrate and support facts

relevant to this litigation.  <u>E. H. Siler Realty & Business Broker, Inc. v. Sanderlin</u>, 158 Ga. App.

796(2), 282 S.E.2d 381 (1981).

This 10th day of September, 2021.

Respectfully submitted,

**KENNETH S. NUGENT, P.C.**

_____*/s/ Ryan M. Horn*_____

Ryan M. Horn

Georgia Bar No. 794788

Jan P. Cohen

Georgia Bar No. 174337

Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

STATE COURT OF
DEKALB COUNTY, GA.
9/10/2021 9:42 AM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **JAVONNE HARRIS,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | 21A04199 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JORDAN PEAK and INSITUFORM** | ) | |
| **TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JORDAN PEAK

COMES NOW, Javonne Harris, Plaintiff in the above-styled case, by and through her undersigned counsel of record, Kenneth S. Nugent, P.C., and herewith serves upon this Defendant the following Requests for Admissions, Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.  You are advised that if you fail to admit any of the Requests for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

## REQUEST FOR ADMISSIONS

1.

Admit that you have been correctly named in the instant action insofar as the legal designation of names is concerned.

Copy from re:SearchGA

2.

Admit that you are familiar with the roadway described in the Complaint.

3.

Admit that you improperly backed your vehicle on or about January 6, 2020.

4.

Admit that Plaintiff was not contributorily negligent in said collision.

5.

Admit that Plaintiff did nothing wrong with regard to said collision.

6.

Admit that Plaintiff did not assume the risk of injury with regard to said collision.

7.

Admit that you violated O.C.G.A. § 40-6-240 (Improper backing).

8.

Admit that as a direct and proximate result of the collision described in the Complaint the Plaintiff suffered bodily injuries on or about January 6, 2020.

9.

Admit that the Plaintiff's injuries were caused by this accident.

10.

Admit that the Plaintiff incurred medical expenses as a result of this accident.

11.

Admit that the charges for the medical services that Plaintiff has presented to date are reasonable and customary.

Copy from re:SearchGA

12.

Admit that you have no evidence in your possession which would support an argument that the medical charges that Plaintiff has presented to date are not reasonable and customary.

13.

Admit that venue is proper in the State Court of DeKalb County.

14.

Admit that you were served with a copy of the Summons and Complaint.

15.

Admit that no person not a party to this lawsuit was at fault in the subject collision.

## FIRST INTERROGATORIES

You are required to answer the following Interrogatories and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.

In answering the following Interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

These Interrogatories shall be deemed continuing in accordance with the Georgia Civil Practice Act so as to require supplemental responses if you or your attorneys or agents obtain further information between the time the responses are served and the time of trial.  Any supplemental responses are to be served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the time of trial.

Copy from re:SearchGA

When used in these interrogatories, the term "incident" specifically refers to the crash which occurred on or about January 6, 2020, at approximately 8:05 a.m. on White Mills Road, at or near its intersection with Habersham Drive in the County of DeKalb, involving the Plaintiff and Defendant Peak and which forms the basis of the Complaint filed by the Plaintiff.

1.

Please state your full name, marital status (and spouse's full name), present street address and telephone number, date of birth and social security number.

2.

At the time of the collision which is the subject of this lawsuit, were you acting in the course and scope of your employment for any employer?  If so, identify said employer.

3.

Please list the names and addresses of any relatives you have in the county in which this action is pending or any county to which you contend this action must be transferred to for trial.

4.

State the purpose, point and time of beginning, destination, and the length of time and place of all stops of the trip you were on at the time of the incident referred to in the complaint, and state the name and addresses of each passenger in the vehicle at the time of this incident.

5.

Describe in detail your version of how the subject accident occurred, including what you did to avoid the collision and giving all facts concerning the details of the events before and at the time of the accident which you believe contributed to the collision.

6.

Describe in detail each act or omission on the part of Plaintiff which you contend constituted negligence that was a contributing cause of the collision in question.

Copy from re:SearchGA

7.

Describe in detail each act or omission on the part of any non-party which you contend constituted negligence that was a contributing cause of the collision in question.

8.

Did you consume any drugs, prescription or non-prescription, or alcoholic beverage of any type within twenty-four (24) hours prior to the subject accident?  If so, please identify the drug or alcohol consumed, the quantity of such drug or alcohol consumed, the time of such consumption, and identify any individuals who have knowledge of such consumption.

9.

At the time of the collision, were you suffering from any physical or mental condition, disability or sickness, and if so, please state:

(a)     The type and manner of the condition, disability or sickness;

(b)     The date of the onset of the condition, disability or sickness; and

(c)     The identity of each medical practitioner who has treated you for such condition, disability or sickness.

10.

Do you wear glasses or contact lenses?  If so, state:

(a)     Who prescribed your glasses or contacts;

(b)     When your glasses or contacts were prescribed; and

(c)     When and by whom your eyes were last examined.

11.

Please specify the time, place and substance of any conversation which you had, or which any person in your presence had, at the scene of the accident about the manner in which it happened; and if you contend that any admissions respecting the issues in this suit were made in

those conversations please set forth the substance of each such admission, the names and addresses of each person making the admission or admissions, and the names and addresses of all persons present when the admission or admissions were made.

12.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

13.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

14.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all persons known to you who have knowledge of relevant information, facts or circumstances in this case?

15.

State the name and address of each person including this Defendant from whom any statement(s) in any form, whether written or oral, has been obtained with regard to the incident and state the name and address of the person who has possession, custody or control of any such statement.

16.

Identify all photographs taken of any person or thing in connection with the collision.  With respect to each such photograph, state:

(a)     The name and address of the person who took the photograph;

Copy from re:SearchGA

(b)      What is depicted in the photograph; and

(c)      The name and address of the person now having custody or possession of the negative

of said photograph and of the positive prints thereof.

17.

List the name and address of all persons, corporations or entities who were registered title

owners or who had any legal or equitable interest in the motor vehicle this Defendant was driving

at the time of the incident and any and all automobiles owned by this Defendant at the time of this

incident.

18.

Describe fully the extent to which any mechanical problems with your vehicle, the

condition of the weather, the condition of the highway, the occupants of your vehicle or any other

external factor or factors influenced, contributed or led to the incident made the basis of this action.

19.

Did you or any occupant in your vehicle own a mobile telephone, or have one in your

possession, on January 6, 2020?  If so, please identify the name in which the telephone was registered,

the telephone number, the provider of services for that telephone and state if you were talking, texting,

emailing or otherwise using that telephone at the time of the subject collision.

20.

Were you charged with a violation of any law, ordinance or crime in connection with the

collision?  If so, for each such charge, please state:

(a)      A complete description of the charge;

(b)      The name and address of the court before which the charge was brought;

(c)      What plea you entered to the charge; and

(d)      The ultimate disposition of the charge.

Copy from re:SearchGA

21.

Have you ever been in a prior or subsequent accident of any type where property damage or personal injury was sustained?  If so, please describe each such occurrence, including but not limited to, the type of accident, the date, the people involved and location thereof, and the type of damage or injury.

22.

Have you ever been involved in any other legal action, either as a Plaintiff or a Defendant?  If so, state the date and place of each such lawsuit, giving the name of the court, the names of the other parties involved, and the names of the attorneys representing each party.

23.

Have you ever been arrested, pled guilty, pled nolo (no contest) or been convicted of any felony or other crime involving moral turpitude?  If so, please state the offense alleged, the warrant, indictment or case number, the state, county and court involved, the date of the final order, and the outcome (sentence, fine, period of probation) from each such charge.

24.

Have you ever been charged or convicted of the violation of any traffic law or ordinance?  If so, with respect to each such violation, please state:

(a)     A complete description of the charge;

(b)     The date of the incident on which the charge was based;

(c)     The name and address of the court before which the charge was brought;

(d)     What plea you entered to the charge; and

(e)     The ultimate disposition of the charge.

Copy from re:SearchGA

25.

Please identify all policies of insurance providing coverage benefits of any type with regard to the vehicle in which you were driving at the time of the incident or with regard to any vehicle owned by you at the time of the incident or with regard to any policy for which you have presented any claim for payment of any coverage benefits or any policy of homeowner's and/or renter's insurance, "umbrella", or excess coverage, or any type of liability policy or other type of policy of insurance by or through which you were or might be insured or covered in any manner for any claim arising out of the incident which is the subject of this lawsuit by providing the following information:

(a)     The name and address of the company issuing the policy;

(b)     The policy number;

(c)     The types of coverage and limits of coverage provided thereby;

(d)     The amount of any claim or demand made by you for payment of coverage benefits; and

(e)     The type of coverage benefit demanded.

26.

For each policy of insurance identified in response to the preceding interrogatories, please state:

(a)     Whether any such company has denied insurance coverage;

(b)     Whether any such insurance company is defending under a reservation of rights letter or agreement; and

(c)     Whether, to your knowledge, there are any coverage questions regarding any such policy mentioned above.

Copy from re:SearchGA

27.

For each person you intend to call as an expert witness at the trial of the above-styled matter, please state the following:

(a)    His or her name, address and telephone number;

(b)    His or her qualifications as an expert;

(c)    The subject matter to which said person is expected to testify;

(d)    The substance of the facts and opinions to which such person is expected to testify; and

(e)    A summary of the grounds for each opinion.

28.

Please state the names, addresses and the telephone numbers of each individual who is not an expert witness but who has knowledge with respect to the issues in this suit and who may be called to testify on behalf of this Defendant.

29.

Please identify all documents in your possession, custody or control which relate to the subject matter of this action.

30.

If you denied any of the foregoing Request for Admissions, for each admission you denied or any portion thereof, please give and state each fact upon which you base your denial and provide the name, address and phone number of all persons having knowledge of these facts and indicate which facts are supported by which person or persons.

Copy from re:SearchGA

31.

If, in responding to the foregoing Request for Admissions, you could not answer the admission for lack of sufficient information, please describe all inquiries made by you to attempt to answer the request.

32.

State specifically all facts which you contend support the defenses set forth in this Defendant's answer including, but not limited to, defenses based on lack of jurisdiction of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, failure to join a party under O.C.G.A. §9-11-19, failure to correctly name a Defendant, or failure to sue a real party in interest.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on their behalf to inspect them and copy such of them as they may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.   YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

This Request for the Production of Documents and other things shall be deemed continuing so as to require further and supplemental production of any and all documents and other things learned

Copy from re:SearchGA

of or received after the time of compliance herewith, the production of which would otherwise have been required.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, canceled checks, communications (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, letters, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings, videotapes, things similar to any of the foregoing, and notes, transcriptions or sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce copies of all drivers licenses you now possess or that you did possess at the time of the subject incident.

2.

Please produce any and all documents which support or illustrate your version of the incident as provided in your response to Interrogatory 5 of Plaintiff's First Interrogatories to you.

3.

Please produce any documents evidencing the reason you were traveling in the vehicle you

were driving at the time of the subject occurrence.

4.

Please produce any documents showing the route or directions you planned to take or follow had the collision not occurred.

5.

Please produce any books, documents or other tangible things evidencing any facts or circumstances upon which your defenses to the Plaintiff's allegations of negligence, causation and damages are based, or upon which you rely to demonstrate and support relevant facts pertaining to the allegations contained in Plaintiff's Complaint and your Answer thereto.

6.

Please produce any and all documents which support your response to Interrogatories 9 and 10 of Plaintiff's First Interrogatories to you.

7.

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge or claiming to have relevant information or knowledge of any fact or circumstance pertaining to the incident described in the Complaint including but not limited to any such statements taken by any insurance adjuster or legal representative. If you claim any privilege as to any such statements, please state the nature of the privilege and the date and substance of each such statement.

8.

Please produce any and all correspondence between the parties in connection with the incident giving rise to the present lawsuit.

9.

Please produce any and all photographs, video recordings, drawings, diagrams and/or

illustrations of any person, place or thing related to the accident which gives rise to the present lawsuit, including but not limited to, any photographs or recordings of any of the vehicles taken after the incident giving rise to the present lawsuit, and any photographs or recordings of the scene of the occurrence of the collision.

10.

Please produce any and all documents which disclose the name and address of any person or persons who were the registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on date of the incident described in the Complaint.

11.

Please produce any and all repair bills or estimates of damage for the vehicle involved in the collision which were made as a result of the collision forming the subject matter of Plaintiffs' Complaint.

12.

Please produce any and all medical records or medical information concerning Plaintiff which are in your possession, custody or control.

13.

Please produce any citations you received and any disposition of such citations as a result of the motor vehicle accident complained of in Plaintiff's Complaint.

14.

Please produce the transcript of any judicial or quasi-judicial hearing in connection with the subject occurrence.

15.

Please produce a copy of any accident report of any other vehicular accident in which you have been involved, exclusive of the accident giving rise to the present lawsuit.

Copy from re:SearchGA

16.

Please produce a copy of any civil complaint in which you have been named as a party other than the lawsuit herein.

17.

Please produce copies of all insurance policies that are identified in your responses to Plaintiff's First Interrogatories.

18.

Please produce a declaration page for each and every insurance policy which could possibly provide coverage in relation to this incident.

19.

Please produce any and all correspondence or other documents whereby any insurer has reserved rights as to coverage or has denied coverage to you, in whole or in part, in connection with the incident described in the Complaint.

20.

Please produce any and all documents and tangible items, including but not limited to, reports, memoranda, paper, notes, studies, photographs, videotapes, graphs, charts, tabulations, analysis, summaries, data sheets, statistical or information accumulations, data processing cards or worksheets and computer-generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

21.

Please produce any Event Data Recorder for the vehicle Defendant was driving at the time of the subject incident.

22.

Please produce any data or printout from any on-board telematics device, dash cam or other recording device in place for the vehicle Defendant was driving at the time of the subject accident, i.e., Snapshot, Drivewise, RightTrack, OnStar or any other device tracking, monitoring or recording vehicle usage.

23.

Please produce all other documents referred to or used in the preparation of your responses to Plaintiff's First Interrogatories.

Respectfully submitted this 10th day of September, 2021.

**KENNETH S. NUGENT, P.C.**

_/s/ Ryan M. Horn_
Ryan M. Horn
4227 Pleasant Hill Road                          Georgia Bar No. 794788
Building 11, Suite 300                            Jan P. Cohen
Duluth, GA 30096                                  Georgia Bar No. 174337
T: (770) 495-6688                                 Attorneys for Plaintiff
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

STATE COURT OF
DEKALB COUNTY, GA.
9/10/2021 9:42 AM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

SHERIFF'S ENTRY OF SERVICE                                   SC-85-2

| | |
|---|---|
| Civil Action No. ___21A04199___ | Superior Court ☐  Magistrate Court ☐ |
| | State Court ☒  Probate Court ☐ |
| Date Filed ___09/10/2021___ | Juvenile Court ☐ |
| | Georgia, ___DeKalb___ COUNTY |

Attorney's Address

Javonne Harris
                                        Plaintiff

Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11 Suite 300
Duluth, GA 30096

**Second Original**

VS.

Jordan Peak and
Instituform Technologies, LLC
                                        Defendant

Name and Address of Party to be Served.

Instituform Technologies, LLC
c/o RA Corporation Service Company
2 Sun Court, Ste 400
Peachtree Corners, GA 30092                    ◄Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about ___ years; weight ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒

Served the defendant Instituform Technologies LLC a corporation
by leaving a copy of the within action and summons with @ Aisha Smith
in charge of the office and place of doing business of said Corporation in this County. and discovery

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This ___22___ day of ___September___, 20 ___21___

M. E. Diaz 501707
                                        DEPUTY

SHERIFF DOCKET_____ PAGE _____

STATE COURT OF
DEKALB COUNTY, GA.
10/4/2021 12:48 PM
E-FILED
BY: Shirley Penning-Pipkins

Copy from re:SearchGA

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT